UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN THEN,

               Plaintiff,

--against--

MIDLAND FUNDING LLC

               Defendant.
------------------------------------------------------------X

13 CV 2606

13 CV _____ (    )
ECF Case

COMPLAINT   JUDGE GRIESA

**JURY TRIAL DEMANDED**

Plaintiff Jonathan Then, by his attorneys Legal Services NYC-Bronx, as his complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, and declaratory and injunctive relief for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices, and New York State General Business Law (GBL) § 349.

2. Plaintiff's claims arise from defendant's attempt to collect a debt by filing a lawsuit past the applicable statute of limitations period in New York City Civil Court, Bronx County [hereinafter "Bronx Civil Court"] against plaintiff seeking judgment for an alleged credit card debt.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over plaintiff's federal claims under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. The Court has pendent jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

4. Venue is proper in the Southern District of New York because defendant transacts business in this district and the conduct complained of occurred within this district.

## PARTIES

5. Plaintiff Jonathan Then is a natural person residing in Yonkers, New York. At the time that defendant commenced the Bronx Civil Court case against plaintiff, Mr. Then resided in Bronx, New York. He is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Midland Funding LLC [hereinafter "Midland Funding"] is a Delaware limited liability company engaged in the business of buying and collecting defaulted debt. Its principal place of business is located at 8875 Aero Drive, Suite 200, San Diego, CA 92123. Midland Funding is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## STATUTORY FRAMEWORK

### The Fair Debt Collection Practices Act

7. Congress enacted the Fair Debt Collection Practices Act [hereinafter "FDCPA"] to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

8. Under the FDCPA "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

9. The FDCPA also provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt." 15 U.S.C. § 1692e. Prohibited conduct under this section includes but is not limited to:

    a. "The false representation of the character, amount, or legal status of any debt...." 15 U.S.C. § 1692e(2)(A).

    b. "The threat to take any legal action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

    c. "The use of any false representation or deceptive means to collect or attempt to collect any debt...." 15 U.S.C. § 1692e(10)

10. The statute further prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Under this section prohibited conduct includes but is not limited to "[t]he collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

11. For a violation of the statute a debt collector is liable for actual damages. 15 U.S.C. §1692k(a)(1).

12. In the case of an action by an individual, the debt collector is liable for additional damages of up to $1,000.00 as the court may allow. 15 U.S.C. § 1692k(a)(2)(A).

13. The statue also provides that a debt collector who violates the statute is liable for the costs of maintaining a successful court action to enforce the consumer's rights as well as reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a)(3).

### The New York Consumer Protection Act

14. New York's General Business Law declares as unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state...." N.Y. Gen. Bus. Law § 349(a).

15. The statute provides for a private right of action. "[A]ny person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. N.Y. Gen. Bus. Law § 349(h).

16. If the court finds that the defendant willfully or knowingly violated this statute, the court may "increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars....The court may also award reasonable attorneys's fees to a prevailing plaintiff." N .Y. Gen. Bus. Law § 349(h).

### FACTUAL ALLEGATIONS

17. Plaintiff Jonathan Then incurred an obligation with original creditor Chase Bank USA, N.A. through the use of a credit card for personal purposes.

18. Mr. Then made his last payment on the credit card account on September 26, 2008. After that payment there remained an outstanding balance on the credit card account.

19. Thereafter Mr. Then made no further payments on the balance and defaulted.

20. On May 9, 2012 defendant Midland Funding LLC represented by its in-house counsel filed an action in Bronx Civil Court under index number 9073/2012 claiming a balance owed of $1,249.80 plus interest, costs and disbursements. The action

was filed more than three years and seven months after Mr. Then's default on September 26, 2008, the accrual date for defendant's claim.

21. Because the original creditor Chase Bank USA, N.A. is headquartered in the state of Delaware, under New York law it is subject to Delaware law governing limitation of actions. The Delaware statute of limitations to collect on credit card debts is three years under Del. Code Ann. Tit. 10, § 8106.

22. Mr. Then was served with the summons and complaint for the Bronx Civil Court action on June 14, 2012. He became very anxious, nervous and scared. He was not working at that time and had no income and no savings. He is still unemployed at this time. He did not know what would happen to him. He was very worried about the defendant getting a judgment against him for the balance plus all the additional charges defendant was seeking.

23. Mr. Then answered the summons. Mr. Then's answer included a statute of limitations defense.

24. Mr. Then subsequently retained legal representation from Legal Services NYC-Bronx [hereinafter "LSNYC-Bronx."] By notice of motion dated January 23, 2013 LSNYC-Bronx moved for summary judgment on behalf of Mr. Then, on the ground, *inter alia,* that Midland Funding had commenced the lawsuit against Mr. Then after the expiration of the applicable statute of limitations.

25. Midland Funding responded to Mr. Then's summary judgment motion by stipulating to consent to summary judgment and to dismiss the action with prejudice. The stipulation was filed in Bronx Civil Court on February 26, 2013.

## FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

26. Plaintiff restates and incorporates the allegations of paragraphs 1 through 25 as if fully set forth herein.

27. Defendant violated the Fair Debt Collection Practices Act. Defendant's violations include but are not limited to the following:

    a. Defendant violated 15 U.S.C. § 1692d in that it harassed and abused Mr. Then by commencing a legal action against him that it could not legally take because defendant knew that its accrued claim was beyond the applicable statute of limitations.

    b. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing to Mr. Then the legal status of a debt as being legally collectible in a court proceeding when defendant knew that its accrued claim was beyond the applicable statute of limitations.

    c. Defendant violated 15 U.S.C § 1692e(5) by threatening Mr. Then with additional court costs and disbursements arising from a court action that defendant knew it could not legally take because its accrued claim was beyond the applicable statute of limitations.

    d. Defendant violated 15 U.S.C. § 1692e(10) by making false representations to Mr. Then about a debt and using deceptive means to attempt to collect a debt from Mr. Then by suing him in court when defendant knew that its accrued claim was beyond the applicable statute of limitations.

    e. Defendant violated 15 U.S.C. § 1692f in that it used unfair and unconscionable means to attempt to collect a debt by commencing a legal action against

Mr. Then that it could not legally take because defendant knew that its accrued claim was beyond the applicable statute of limitations.

   f. Defendant violated 15 U.S.C. § 1692f(1) by threatening to collect a debt plus interest, court costs, and disbursements when defendant knew that collection of such amounts would not be permitted by law because its accrued claim was beyond the applicable statute of limitations.

**SECOND CLAIM FOR RELIEF**
**(New York General Business Law § 349)**

   28. Plaintiff restates and incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

   29. Defendant has used deceptive acts and practices in the conduct of its business.

   30. Defendant's deceptive practices include but are not limited to:

    a. falsely representing to Mr. Then that the debt is legally collectible in a court proceeding when defendant knew that its accrued claim was beyond the applicable statute of limitations.

    b. commencing a legal action against Mr. Then that they could not legally take because defendants knew that their accrued claim was beyond the applicable statute of limitations.

    c. threatening to collect court costs and disbursements when defendant knew that such amounts would not be permitted by law because its accrued claim was beyond the applicable statute of limitations.

   31. Defendant's deceptive acts and practices have been misleading in a

material way.

32. Defendant's conduct has a broad impact on consumers at large who may be subject to similar collection practices by defendant on debts that are past the statute of limitations.

33. Defendant committed the above–described acts willfully and/or knowingly.

34. As a result of defendant's violations of General Business Law § 349, New York's Consumer Protection Act, Mr. Then has suffered compensable harm including emotional distress. Mr. Then accordingly is entitled to an injunction barring defendant from engaging in such deceptive acts and practices and to recover actual damages or treble damages up to $1,000.00, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

    a. Enter a declaratory judgment that defendant's conduct violated the FDCPA and N.Y. Gen. Bus. Law § 349;

    b. Enjoin defendant from committing similar violations in the future;

    c. Award actual damages to plaintiff pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law § 349 (h) against defendant;

    d. Award statutory damages of $1,000.00 to plaintiff pursuant to U.S.C. §1692k(a)(2)A) against defendant;

    e. Award treble damages up to $1,000.00 to plaintiff pursuant to N.Y. Gen. Bus. Law § 349(h) against defendant;

    f. Award costs and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3) and N.Y. Gen. Bus. Law § 349(h) against defendant;

      g. Award any such other relief that the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 18, 2013
      Bronx, New York

                Respectfully submitted,

                LEGAL SERVICES NYC-BRONX
                By: Robert Gruenwald  Bar No. RG3466
                Attorneys for Plaintiff
                579 Courtlandt Avenue
                Bronx, New York 10451
                Tel: (718) 928-3740